Filed 6/15/15  P. v. Aguillon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARIO AGUILLON,<br><br>Defendant and Appellant. | C075360<br><br>(Super. Ct. No. 13F00749) |

Convicted by a jury of assault by a prisoner serving a life sentence and possession of a sharp instrument in prison, defendant Mario Aguillon contends the trial court violated his Fifth Amendment right to remain silent and erred prejudicially by failing to instruct the jury with CALCRIM No. 355.  Defendant also contends his trial counsel provided ineffective assistance by failing to request the instruction at trial.  We conclude there was no error because defendant did not request the instruction be given to the jury at the close of the case.  Even assuming error, there was no prejudice and consequently no failure of counsel because the prospective jurors were instructed during

1

voir dire and the evidence against defendant was strong.  Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

An amended complaint deemed an information charged defendant with assault by a prisoner serving a life sentence, with malice aforethought and by means of force likely to produce great bodily injury (count 1; Pen. Code, § 4500),[1] and possession of a sharp instrument by an inmate (count 2; § 4502, subd. (a)).  As to count 1, the information alleged defendant personally inflicted great bodily injury upon the victim.  (§ 12022.7, subd. (a).)  The information also alleged a prior serious felony and a prior strike conviction for first degree murder.  (§§ 667, subds. (b)-(i), 1170.12.)

The jury convicted defendant on both counts, but found the great bodily injury enhancement not true.  After defendant waived his right to jury trial on the prior, the trial court found it true.

The evidence at trial showed defendant, an inmate of California State Prison, Sacramento, and another inmate jointly assaulted the victim on the B Facility main yard. While the other assailant punched the victim with closed fists, defendant stabbed the victim multiple times in the back, arm, and upper torso.  Defendant continued his assault even after a correctional officer sprayed him in the face with pepper spray and threw an oleoresin capsicum grenade also containing pepper spray.  After a second correctional officer threw another pepper spray grenade, defendant stabbed the victim three more times before stepping away and throwing the weapon away from him.  A surveillance video of the assault was played for the jury.

---

[1]     Undesignated statutory references are to the Penal Code.

Defendant, whose hands and forearms were covered in blood, was detained, and the weapon was recovered. The victim was transported to University of California at Davis Medical Center (UC Davis), where he was treated and released the next day.

Dr. Christine Cocanour, a trauma surgeon at UC Davis, testified the victim suffered numerous stab wounds to the chest and upper left extremity, and a non-displaced fracture in the sternum. The wounds were washed and treated with dressings. The victim was not disoriented or in shock. He was not prescribed any medication when released. Photographs of the victim's injuries were admitted as exhibits.

Defendant did not testify or present evidence. His counsel conceded defendant was a prisoner serving a life sentence who committed an assault on the victim with a sharp instrument, but argued the prosecution had not proved great bodily injury or malice aforethought.

## DISCUSSION

Defendant contends prejudicial constitutional error occurred because the jury was not instructed with CALCRIM No. 355, which states: "A defendant has an absolute constitutional right not to testify. He or she may rely on the state of the evidence and argue that the People have failed to prove the charges beyond a reasonable doubt. Do not consider for any reason at all the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way." (CALCRIM No. 355 (2014) p. 119.) He also contends his trial counsel was ineffective in failing to request the instruction at trial. We reject both contentions.

### *Background*

Defense counsel asked the trial court in limine to "advise [the jury] concerning a defendant's right not to testify." The trial court answered: "I do that in voir dire." Counsel replied: "Thank you."

During voir dire, the trial court stated to the prospective jurors:

3

"I'm going to read you an instruction. I do this at the beginning of every trial or in every jury selection and I don't know whether [defendant]'s going to testify or not. I don't care. But I want to be sure that you understand and accept this following instruction.

"Listen to this: [The court gave CALCRIM No. 355 verbatim.]

"First of all, does that make sense to everybody? I get that. Everybody is nodding.

"Is there anybody who, you know, you understand that[,] you get it, but doesn't set well with you. You are not comfortable with that. Anybody have any reservation or issues about that instruction.

"This is real central to our justice system in the United States. It's not the way it is in all countries, as you know. But it's a very important ten[e]t of our justice system. The burden is entirely on the district attorney, on the prosecutor, on the People to prove the case. The defendant doesn't have to do anything including, in particular, doesn't have to say anything.

"And if the People don't prove their case beyond a reasonable doubt, then you return a verdict of not guilty. If they do prove the case beyond a reasonable doubt you return a verdict of guilty. You're all good with that? That work for everybody?"

The jury panel "as a whole" answered: "Yes."

Later, defense counsel questioned a prospective juror in the presence of the jury panel as follows: "Okay. The judge mentioned that [defendant], like all criminal defendants, has a right not to testify. There are a lot of people who when they hear that say, well, that's great, but if it was me, if I were charged with something, I would-- nobody could stop me from getting on the witness stand and saying I didn't do it. [¶] And it's hard to put that aside because I know that's what I'd be doing. And if he's not doing it the judge may tell me to lay that all aside but sounds pretty suspicious to me right there. Do you have any feeling like that?" The prospective juror (who was not

ultimately seated) said he did not; if he were accused of a crime, he would not want to be on the stand.

During the instructions conference after the parties had rested, the trial court enumerated the instructions it intended to give, which did not include CALCRIM No. 355. Both counsel stated they did not have any other instructions to propose.

The instructions the jury received in oral and written form before deliberations did not include CALCRIM No. 355.

*Analysis*

Defendant contends the trial court violated his Fifth Amendment right against self-incrimination by failing to reinstruct the jury with CALCRIM No. 355 before it began to deliberate, after the court had already given that instruction during voir dire. We are not persuaded.

CALCRIM No. 355 must be given at trial on request, but defendant cites no authority holding it must be given at trial without a request, and we have not found any such authority. (See *Carter v. Kentucky* (1981) 450 U.S. 288, 300 [67 L.Ed.2d 241]; *People v. Evans* (1998) 62 Cal.App.4th 186, 190 [CALJIC Nos. 2.60 & 2.61]; CALCRIM No. 355 (2014) Bench Notes, p. 119.)

Defendant also cites no authority holding that if the trial court gives CALCRIM No. 355 during voir dire, the court must repeat it just before deliberations and provide it to the jury in writing, and we have found no such authority. Defendant relies on decisions holding that instructions on the presumption of innocence and the People's burden of proof beyond a reasonable doubt must be given in oral and written form before deliberations, even if previously given during jury selection. (*People v. Elguera* (1992) 8 Cal.App.4th 1214, 1217-1219; accord, *People v. Crawford* (1997) 58 Cal.App.4th 815, 819-826; see *People v. Vann* (1974) 12 Cal.3d 220, 226-227.) In those cases, the appellate courts held the trial court had a sua sponte duty to instruct the jury on the presumption of innocence and the People's burden of proof beyond a reasonable doubt in

every criminal case. (*Vann, supra*, 12 Cal.3d at p. 226; *Crawford, supra*, 58 Cal.App.4th at pp. 819 and 821; *Elguera, supra*, 8 Cal.App.4th at p. 1219.) In contrast, CALCRIM No. 355 must be given only upon request of a defendant. Therefore, the case law defendant cites is inapposite.

Defendant has shown no error from the trial court's failure to furnish CALCRIM No. 355 to the jury in oral and written form before deliberations, after giving that instruction during voir dire and obtaining the agreement of all prospective jurors that they understood it and would follow it.

Defendant has also shown no prejudice from the fact CALCRIM No. 355 was not included in the instructions given before deliberations. First, the prospective jurors were instructed during voir dire. Second, the evidence against defendant was strong. Trial counsel could not have contested that defendant, a prisoner serving a life sentence, assaulted the victim with a sharp instrument. Counsel won an acquittal on the great bodily injury enhancement. Counsel's argument on malice aforethought, the only other disputable issue, was unlikely to succeed given the videotape of defendant (with the help of another inmate) chasing the victim down and stabbing him multiple times, undeterred even by three doses of pepper spray, and the photographs of the victim's injuries in evidence. We see no possibility defendant could have fared better had the trial court repeated CALCRIM No. 355 before deliberations.

Finally, we conclude defendant has not shown ineffective assistance of counsel. The record does not show why trial counsel decided not to ask the trial court to repeat CALCRIM No. 355 during trial, and counsel could reasonably have thought the rule of law conveyed by the instruction was sufficiently impressed on all prospective jurors during voir dire. And, as we have explained, defendant has not shown prejudice from counsel's actions. For both reasons, defendant's ineffective assistance claim fails. (*People v. Kraft* (2000) 23 Cal.4th 978, 1068-1069.)

DISPOSITION

The judgment is affirmed.


      HOCH     , J.


We concur:


     ROBIE    , Acting P. J.


    DUARTE   , J.

7